## McCutcheon v. Rivers, *Appellant*.

**Insurance**: LIABILITY OF AGENT FOR PREMIUMS TAKEN AFTER COMPANY HAS BEEN EXCLUDED FROM THE STATE. An agent of an insurance company who issues a policy and takes the premium after the company's certificate of authority to do business in this State has been revoked by the superintendent of the insurance department, is liable to return the premium notwithstanding he was not, at the time, aware of the revocation, and the four weeks notice of revocation required by Wag. Stat., sec. 32, p. 772, has not been given by the superintendent.

*Appeal from Jasper Common Pleas Court.*—The case was tried before G. W. Crow, Esq., sitting as Temporary Judge.

On the 13th day of October, 1874, defendant, as local agent in Jasper county, Missouri, of the National Insurance Company, of Philadelphia, Pennsylvania, issued to the plaintiffs a policy of insurance in that company, for which they paid him a premium of $37.50. Defendant immediately sent the money to the company in the regular course of business. On the 11th of the preceding September the superintendent of the insurance department of Missouri had issued a circular purporting to contain the names of all the companies authorized to do business in the State, among which was included this company; but on the 25th of the same month he had revoked its authority. Of the revocation, however, defendant had no notice until several days after he had issued the plaintiffs' policy and remitted the money, when he saw an announcement of the fact in a St. Louis newspaper. Whether this was an official announcement, or whether any official notice of the revocation was ever given does not appear by the record.

On the 24th day of August, 1875, plaintiff brought this suit to recover the premium so paid, charging that defendant had fraudulently placed the risk in this company. The instructions given by the court at the trial ignored the question of fraud, and declared the plaintiffs entitled to

recover upon the facts stated. The court refused an instruction offered by the defendant to the effect that the plaintiff could not recover because the company's authority had not been revoked four weeks before the issuing of plaintiffs' policy, and notice of revocation had not been given in any newspaper published in St. Louis once a week or oftener, for four weeks before said date. Defendant claimed that this instruction was warranted by Wag. Stat., sec. 32 p. 772, which provides that when the superintendent of the insurance department shall become satisfied that the affairs of any insurance company are in an unsound condition, he shall revoke the certificate of authority granted to such company, and shall cause a notice of such revocation to be published once a week or oftener, for at least four weeks, in some newspaper published in the city of St. Louis, and the agent or agents of such company are, after such revocation and notice, required to discontinue the issuing of new policies, or the collection of any premiums. Plaintiffs had judgment and defendant appealed.

*Harding & Buller* for appellant, argued that under section 43 of the insurance law (Wag. Stat., 777) defendant was liable to a fine of $500, but the policy was not void. *Columbus Ins. Co. v. Walsh,* 18 Mo. 229 ; besides, defendant had paid over the premium money to the company long before this suit was brought, and that of itself was a complete defense to the action. *Snowdon v. Davis,* 1 Taunt. 359 ; 18 Mo. 237.

*G. H. Walser* for respondents, argued that there was no such company in law as the National Insurance Company, of Philadelphia, and hence appellant was not an agent.

NAPTON, J.—This suit was brought to recover back $37.50 paid Rivers as agent of an insurance company in Philadelphia, about ten days after the superintendent, in St. Louis, had revoked the license of the company to do

business in this State. The publication of the fact of revocation is required to be for four weeks. The agent in Jasper county, the defendant, did not see it, and therefore took the premium. The majority of this court are of opinion that the plaintiff is entitled to recover, that the revocation of the license is the material fact, that the four weeks publication is intended to distribute the information as extensively as possible, but that the agencies cease when recalled and notice is given. Judgment affirmed.

AFFIRMED.