AMERICAN INSURANCE COMPANY, *Plaintiff in Error*, v. SMITH.

**Insurance**: SUIT ON PREMIUM NOTE: FOREIGN COMPANY: PROOF OF AUTHORITY TO DO BUSINESS. In an action by a foreign insurance company upon a premium note, which recited that it was given "for value received in policy No. 221,534," the company failed to show that it was authorized to do business in this State. *Held*, that this was no bar to recovery. The recital in the note was evidence of the issue of the policy—not a void policy, nor one illegally issued, but presumptively a good policy, such a one as only a company authorized to do business in the State could issue. The authority would, therefore, be presumed.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Louis Hoffman* for plaintiff in error.

The burden of proof whether or not plaintiff had a right and the authority to transact business in this State rested upon the defendant. *Hamtramck v. Bank*, 2 Mo. 169; *Starr v. Peck*, 1 Hill 270; *Howard v. Boorman*, 17 Wis. 459; *Mut. Ben. Ins. Co. v. Davis*, 12 N. Y. 569. In an action by a foreign insurance company, non-compliance with statutes giving such company authority to transact business will not be presumed, but must be set up in defense. May on Ins., § 587. The act of the defendant in executing and delivering the note in controversy to plaintiff raises a *prima facie* presumption of the authority of plaintiff to transact business. *Bayley v. Taber*, 5 Mass. 286; 6 Mass. 451. The presumption is in favor of the validity of the instrument. *Graham v. O'Fallon*, 4 Mo. 601; *Clay Fire Ins. Co. v. Huron Salt M'f'g Co.*, 31 Mich. 346; *s. c.*, 14 Am. Law Reg. (N. S.) 460. Plaintiff is not bound to make affirmative proof of compliance with State laws, because the law refuses to presume the breach of a positive statute or of any legal duty. 1 Phillips on Ev., 604; *Starr v. Peck*, 1 Hill 270; 1 Greenleaf on Ev., § 40; Starkie on

Ev., (9 Ed.) 756; *City of St. Louis v. Shields*, 62 Mo. 247; *Farmers & Merchants' Ins. Co. v. Needles*, 52 Mo. 17; *American Ins. Co. v. Cutler*, 36 Mich. 261.

*Belch & Silver* for defendant in error.

The act of March 23rd, 1874, (Acts, p. 75,) amending section 27 of Acts of 1869, page 55, expressly requires a certificate from the superintendent authorizing foreign insurance companies to do business in this State. It further provides that every agent in this State shall hold a certified copy of said certificate, and by section 43 of said act of 1869, (p. 60,) a penalty is imposed for violation of the above provision. We think a corporation is as much bound to produce at the trial such authority to sue as it would be to produce proof of its incorporation. The certificate of the superintendent is as essential to the right to sue as proof of the fact that the plaintiff was a corporation. The means of proof are peculiarly in the power of the company and its agents, and the law contemplated their making it.

HOUGH, J.—This was a suit on the following promissory note: $12. For value received, in policy No. 221,534, dated the 12th day of August, 1875, issued by the American Insurance Company of Chicago, Illinois, I promise to pay said company the sum of three dollars and — cents, on the 1st day of September, 1876, and three dollars and — cents on the 1st day of September, 1877, and three dollars and — cents on the 1st day of September, 1878, and three dollars and — cents on the 1st day of September, 1879, without interest.

THOMAS J. SMITH.

The defendant was a citizen of Gasconade county, Missouri, and the property insured was situated in said county. The plaintiff offered the foregoing note, and the defendant's application for insurance, in evidence, and rested, and the circuit court held that as it was a foreign

24—73

corporation and had failed to show that it was duly authorized to do business in this State, the note sued on was without consideration and void, and it could not, therefore, recover.

The only question before us is, as to the correctness of this ruling. If the plaintiff had no authority to do business and issue policies in this State, the note in suit was void for want of consideration. *Haverhill Ins. Co. v. Prescott*, 42 N. H. 547; *General Mutual Ins. Co. v. Phillips*, 13 Gray 90; *McCutcheon v. Rivers*, 68 Mo. 122. And the burden of proof is always on the plaintiff to show a consideration. *Noxon v. De Wolf*, 10 Gray 343; *Burnham v. Allen*, 1 Gray 496; *Powers v. Russell*, 13 Pick. 69. But under our statute the production of the note in evidence, where its execution is not denied, makes a *prima facie* case. R. S., § 663. This matter is set forth in a very clear light by Chief Justice Shaw in *Burnham v. Allen*, 1 Gray 496. He says: "A promissory note is given 'for value received;' this is signed by the maker, and is an admission on his part that value has been received for it, which is a good consideration. Its being produced by the holder is proof that after being signed it was delivered to the promisee, and is, therefore, evidence of a contract, on good consideration, between promisor and promisee under the promisor's hand. But the law holds, and has long held, that, as between the original parties, such proof is not conclusive. It is, therefore, *prima facie* evidence, that is, it is competent evidence tending to prove a proposition of fact, and, of course, if not rebutted or controlled by other evidence, will stand as sufficient proof of such proposition of fact. If then, on a trial, when a note is sued for by the promisee against the promisor, the plaintiff produces and reads his note for value received, and the signature is admitted or proved, he has ordinarily no occasion to go further. He has the burden of proof to show a consideration; but he sustains that burden by his *prima facie* evidence, which, if not rebutted, stands as conclusive evi-

dence." In the case before us the defendant has admitted by his signature to the note in suit, that he has received as a consideration therefor, a fire policy from the plaintiff; not a void policy, nor one illegally issued, but presumptively a good policy. As the plaintiff might, by complying with our laws, rightfully issue a policy of fire insurance in this State, and as nothing appears on the face of the note or the application to indicate that the policy recited to have been issued, was issued in violation of law, or was for any other reason illegal or void, it must be presumed that the plaintiff had taken those steps, which would, under our law, authorize it to issue such policy. There being no testimony in the cause which required further proof from the plaintiff as to the sufficiency of the consideration of the note, the judgment will be reversed and the cause remanded. The other judges concur, except NORTON, J., absent.