H. E. JONES, Respondent, v. W. A. HORN, Appellant.

Kansas City Court of Appeals, February 1, 1904.

1. **INSURANCE: Foreign Company: Statute: Agent's Liability.** No insurance company is authorized to do business in this State without a certificate from the superintendent of insurance; and a person acting as agent without obtaining from said superintendent a certificate is guilty of a misdemeanor and subject to a fine.

2. ——: ——: ——: ——. When a statute imposes punishment which acts upon the offender alone and not as a reparation to the party injured, and where it is entirely within the discretion of the lawgiver, it will not be presumed that he intended that it should extend further than is expressed; and the statute regarding insurance imposes a penalty upon an agent for violation of its provisions and not as a reparation to the party injured.

**8. APPELLATE PRACTICE: Court of Appeals: Decision of Supreme Court.** The court of appeals is bound to follow the latest case of the Supreme Court on any question.

**4. DECEIT: Insurance Agent: Pleading.** An insured who charges that the defendant, an insurance agent, represented that he would procure him insurance in a company doing business in the State fails to state a cause of action.

**5. ——: ——: ——: Insolvency.** An insurance agent's representation that he would procure plaintiff a policy in a good company is tantamount to saying that he would procure a policy in a solvent company.

**6. TRIAL AND APPELLATE PRACTICE: Special Findings: Petition.** A respondent who saves no exception to a special finding of the trial court and takes no appeal therefrom, is not in a condition to question such finding in the appellate court when he is insisting that finding and judgment be affirmed.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott*, Judge.

AFFIRMED.

*Chas. W. Sloan* and *Chas. W. Hight* for appellant.

(1) The court erred in overruling defendant's objection to any evidence under the petition. There was no statutory or other cause of action stated in petition. Barker v. Railroad, 91 Mo. 86; Oats v. Railway, 104 Mo. 514; Hickman v. Kansas City, 120 Mo. 110; Utley v. Hill, 155 Mo. 273; McIntosh v. Railroad, 103 Mo. 131; Poor v. Watson, 92 Mo. App. 89; Holverson v. Railway, 157 Mo. 251; Fusz v. Spaunhorst, 67 Mo. 256; Dunn v. Sanders, 48 Mo. App. 610. (2) Article 7, Revised Statutes 1899, requiring foreign companies to procure a certificate from the Superintendent of the Insurance Department of this State nowhere gave plaintiff Jones a right of action against defendant for damages in case of loss for doing business with or for the Mercantile Fire Insurance Co. of Chicago, when said company was not licensed to do business here. Article

7, page 1872, Revised Statutes 1899. (3) If the petition be held to state a cause of action at common law we find it charges that the Mercantile Ins. Co. was insolvent on July 16, 1900, at the time the policy was issued to plaintiff, and that defendant for the purpose of inducing plaintiff to accept a policy in said company represented to plaintiff that the company was financially good and responsible and by reason of said company not being authorized to transact business in this State when defendant knew the company was insolvent and had not complied with the laws of the State, defendant thereby became liable, etc. The burden rested on plaintiff to prove insolvency. (4) There was no evidence in case or in finding of the facts by the court to sustain an action for deceit or fraud. Huston v. Tyler, 140 Mo. 252; Dry Goods Co. v. Coomer, 87 Mo. App. 404; Dulaney v. Rogers, 64 Mo. 201; Bank v. Byers, 139 Mo. 627; Utley v. Hill, 155 Mo. 232; Redpath v. Lawrence, 42 Mo. App. 101; Thompson v. Irwin, 76 Mo. App. 431; Green v. Worman, 83 Mo. App. 575; Paretti v. Rebenach, 81 Mo. App. 494. The mere finding of the court that defendant represented to plaintiff that said company was financially good and responsible would not support an action for deceit. Anderson v. McPike, 86 Mo. 300; Cornell v. Real Estate Co., 150 Mo. 383; Becraft v. Grest, 52 Mo. App. 586.

*R. T. Bailey, Fyke Bros.* and *Snider & Richardson* for respondent, submitted argument.

BROADDUS, J.—The plaintiff in the year 1900 was engaged in the mercantile business and owned two drugstores, one at Cleveland and the other at Kingsville, Mo., during which time defendant was engaged as a fire insurance agent at Harrisonville, Mo. On July 16, 1900, the defendant issued and delivered to the plaintiff a policy of insurance executed by the Mercantile Insurance Company, of Chicago, Ill., insuring plain-

tiff's stock of drugs, fixtures, etc., in his store at Kingsville. Prior to this date, however, the defendant had issued a policy of insurance on plaintiff's goods at Cleveland. At one time appellant saw plaintiff at his stort in Kingsville when it was arranged that defendant should insure his goods at that place. He placed plaintiff's insurance in a company which was not doing business in small towns like Kingsville but the company cancelled the policy; whereupon defendant proffered to insure him in some good company He then returned to his home in Harrisonville and sent to plaintiff a blank application for insurance in said Mercantile Insurance Company, together with a printed financial statement, and also an application for insurance in the Marshall Town Mutual Insurance Co. In a letter which accompanied these applications he referred to the cancelled policy and stated that he would keep on and get plaintiff in a good company, and that both the companies to which applications were enclosed were good companies. The plaintiff signed the application to the Mercantile Insurance Co. dated July 13, 1900. Upon receipt of this signed application from plaintiff, the defendant inserted in it a description of the property, which plaintiff had omitted, and also filled out and signed the blank on the back of the application designated "Agent's Survey." On the following day he wrote to agents of the Insurance Co. at Chicago the following letter:

"Gentlemen:—Please find enclosed application for $1,800, insurance on drug stock of H. E. Jones, Kingsville, Mo. Premium $27. Please issue this policy and get it to me by return mail. The company I represent kick some on country stores, consequently if I can arrange with you I will give you a good string of business. Have you arranged with the State so that I can issue policies here, and send report of same to you? If you can do this I can give you a good volume of good bus-

iness. I have a fine territory and my business will run $3,000 per year in premiums. Think hard on this, as I can and will do you good if you will place me in position to do so. Get this policy to me and be sure to get all matters as I have them here. Your part of the cash will come promptly. Awaiting your favorable reply, I am, very truly, etc."

The evidence does not show that the company made answer to the writer's inquiry whether it had arranged to do business in the State. However, the defendant received the policy issued by the company and on the 17th day of July he mailed it to the plaintiff with the following letter:

"Mr. H. E. Jones, Kingsville, Mo. Dear sir: Please find enclosed insurance policy No. 11166, Mercantile, of Chicago, Ill. This is a gilt-edge company as you will see from their statement enclosed, the only reason I did not put this in this company at first was I wanted to write the policy myself, but I have now arranged matters so it is just the same, and you have as good insurance as anybody in Kingsville. I have to pay these people spot cash so please enclose the premium, $27, in the return envelope, and everything is O. K. If you should have a loss wire the company at their expense and write me. I will see that you have prompt service of adjuster, and that you get a fair, square settlement," etc.

The plaintiff paid the premium which defendant after deducting his commission, forwarded to the insurance company. Subsequently, plaintiff's property was destroyed by fire. The company failed to pay his loss and he then ascertained that it was not authorized to do business in the State. Before the evidence was heard the court was asked to make a finding of facts. Amongst other things, the finding was that the defendant was acting as agent for the Mercantile Insurance Co; that

the insurance was obtained upon the representations of defendant; that said company was financially good and responsible; that plaintiff, at the time he received the policy, did not know the company was not authorized to do business in the State; that defendant had such knowledge; that it was not shown that said company was insolvent at the date of the policy; and that it was not shown that it had any property in the State.

The plaintiff in his petition relies for recovery on the ground of the representations of defendant, the inducement for his acceptance of the policy that the company was "financially good and responsible;" that at the time of the issue of the policy the insurance company was insolvent, and that it is still insolvent; that defendant knew at the time of said insolvency of which plaintiff was ignorant, and that plaintiff did not know that said company was unauthorized to do business in this State. The finding was for plaintiff.

At the beginning of the trial defendant objected to the admission of any evidence on the ground that the petition did not state a cause of action. The statute prohibits insurance companies from doing business in this State unless they comply with certain of its provisions among which is one requiring them to deposit with the insurance commissioner a fund to be held by him as security for the benefit of the policy holders. When this is done and other requirements of the statute are complied with, the commissioner issues a certificate authorizing the company to do insurance business in this State. By section 7989, Revised Statutes 1899, no insurance company is authorized to do business in the State without such certificate, a copy of which shall be held by every agent or solicitor of such company in the State. Section 8001 provides, that any person who shall act as such agent or solicitor without first having obtained from the superintendent of insurance a certificate as required by said section 7989 shall be guilty of a misdemeanor and on conviction shall be fined not less than

ten nor more than one hundred dollars, or imprisoned in the county or city jail not less than ten days nor more than six months, or by both such fine and imprisonment.

It is contended by defendant that where a statute creates a duty and imposes a penalty for failure to perform it, the penalty so prescribed is exclusive. In Utley v. Hill, 155 Mo. 232, the court so held. That was an action by a depositor against the directors of the bank for deceit, "charging that plaintiff was induced to make such deposits by reason of false and fraudulent representations that the bank was solvent. Such representations consisting of reports made to the Secretary of State, as required by section 2752, Revised Statutes 1889. That case and the one under consideration here are similar in principle. This is what might be called an action of deceit, the misrepresentation consisting in the fact that defendant stated he would procure plaintiff insurance in a good company, whereas he procured him insurance in a company that was not authorized to do business in the State. In the Utley case the court cited many authorities to support the holding, among which was that of Wells v. Supervisors, 102 U. S. 625, and quoted the following language: "When a law imposes a punishment which acts upon the offender alone and not as a reparation to the party injured, and where it is entirely within the discretion of the lawgiver, it will not be presumed that he intended that it should extend further than is expressed." The statute regulating insurance like that in relation to banks, imposes a penalty upon the agent for a violation of its provisions and not as a reparation to the party injured.

The plaintiff has cited decisions of the courts of other States to the effect that the representations of defendant that he would procure for him a good policy, imported that it should be the policy of a company that was authorized to do business in this State and that the Mercantile Insurance Company not being so authorized was as a matter of law insolvent. Such was the holding

in Landusky v. Bierne, 80 N. Y. Supp. 238.   And it was further held in said case that the policy itself was in-valid.   The law is different in that respect in this State.   Our courts hold that such policies are not in-valid.   See Ins. Co. v. Railroad, 149 Mo. 165.   Plaintiff also cites the case of McCutcheon v. Rivers, 68 Mo. 122, in which an agent had received a premium for a policy from an insurance company whose authority to do busi-ness in the State had been revoked.   The court held that the party paying the premium could recover from the agent.   If said case is to be considered as having any bearing here it is certainly in conflict with the Utley case, supra.   The opinion is short, only a few lines, and no reason whatever is given for the holding. Whatever may be its effect we are bound to follow the later case.

It therefore necessarily follows from what has been said that the representations relied on, though none was in fact made, that the defendant would procure plaintiff insurance in a company doing business in the State, would not render defendant liable in this action.

The burden was there upon the plaintiff to prove the insolvency of said company.   This he claims that he did.   The representation of the defendant was tanta-mount to saying that he would procure plaintiff a policy in a company that was solvent.   The plaintiff insists that he established by evidence that said Mercantile In-surance Company was insolvent at the time the policy was issued.   But the difficulty is that the court found that he failed to prove such fact.   The plaintiff made no exception to such finding and has taken no appeal therefrom.   On the contrary, he is here insisting that the finding and judgment be affirmed.   As he invokes the finding he is precluded from denying its truth in any respect.   Besides, there was evidence tending to sup-port it.

As the defendant incurred no liability other than the penalty imposed by the statute for insuring plain-

tiff's property in a company not authorized to do business in the State, and as there is no presumption of insolvency because said company was not so authorized to do business, and a finding against plaintiff as to such insolvency, the plaintiff was not entitled to recover on any theory of the case.

As the questions decided are conclusive of the case, we deem it unprofitable to pass upon other questions raised by the defendant.

For the reasons given the cause is reversed. All concur.