**Cline BAILEY, Plaintiff-Appellant,**

**v.**

**The CANADIAN SHIELD GENERAL INSURANCE COMPANY, Defendant,**

**and**

**J. K. Seear, Ltd., Defendant-Respondent.**

**No. 50339.**

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Clarence Finley, Albert Thomson, Kansas City, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, of counsel, for appellant.

William H. Sanders, Dean F. Arnold, Thomas I. Osborne, Kansas City, Caldwell, Blackwell, Sanders & Matheny, Kansas City, of counsel, for respondent J. K. Seear, Ltd.

WELBORN, Commissioner.

■ This is an action by Cline Bailey against The Canadian Shield General Insurance Company and J. K. Seear, Ltd. (herein referred to as "Canadian Shield" and "Seear," respectively). A certificate of insurance was issued in Canadian Shield throught the agency of Seear, covering a fleet of tractor-trailer units owned by Bailey. Canadian Shield refused to pay loss sustained on one of the units covered by the policy while it was in effect. Bailey brought this action against Canadian Shield on the policy and against Seear, charging that the latter had violated its duty to the plaintiff as an agent, by placing the insurance with Canadian Shield, an insurance company not qualified to do business in Missouri. On a trial in the circuit court, the verdict of the jury was in favor of the plaintiff and against both defendants and judgment was entered against both defendants in the amount of $18,370. Thereafter, the trial court set aside the jury verdict and judgment against Seear and entered judgment in favor of Seear. Plaintiff appealed from such judgment. We have jurisdiction because of the amount in dispute.

The basic question presented in this appeal is whether or not placing of insurance by an agent in Missouri in an unauthorized foreign insurance company gives rise to a civil cause of action against the agent placing such insurance whenever a loss is sustained which the insurer fails to pay. Canadian Shield was not, at the date of the certificate here, April 11, 1959, authorized to do business in Missouri. Seear, a Colorado corporation doing business in Kansas City, nevertheless, placed plaintiff's insurance with such company. Canadian Shield was adjudged insolvent on February 7, 1961.

Although the petition charged that Seear, in placing the policy with Canadian Shield, "failed to exercise reasonable skill, care and diligence to procure insurance for its client, Cline Bailey, in violation of its fiduciary duty to its principal, Cline Bailey," the evi-

dence showed that Bailey dealt with another agent, whose relationship to Seear was not shown. In any event, plaintiff submitted his claim against Seear on the basis of liability under Section 375.300, RSMo 1959, V.A.M.S., which reads, in part, as follows:

"* * * Any person * * * who * * * shall act as agent * * * for any * * * corporation engaged in insurance business, before such * * * corporation shall have been duly authorized * * * shall be deemed guilty of a misdemeanor * * *."

The plaintiff's verdict-directing instruction read as follows:

"If you find and believe from the evidence that the defendant, in the State of Missouri, sold to the plaintiff a policy of insurance on certain trucks written in the Canadian Shield Insurance Company, and that said insurance company was not authorized to do business in the State of Missouri, and if you further find that the defendant had not obtained authority from the Commissioner of Insurance to place said insurance in Canadian Shield Insurance Company, and if you further find that a truck and trailer covered by said policy of insurance was destroyed in June of 1959, while said policy was in effect, and that Canadian Shield Insurance Company became insolvent, and said loss, if any, was not paid by Canadian Shield Insurance Company, then your verdict must be in favor of the plaintiff and against the defendant."

In asserting civil liability against the agent under Section 375.300, plaintiff acknowledges that the Kansas City Court of Appeals, in 1904, in the case of Jones v. Horn, 104 Mo.App. 705, 78 S.W. 638, held, contrary to the position of plaintiff in this case, that violation of the statute here relied upon did not give the insured any civil cause of action against the agent. Plaintiff's position is that Jones v. Horn "is totally valueless under modern legal precepts."

In Jones v. Horn, the Kansas City Court of Appeals held that the criminal offense defined by what is now Section 375.300 (then Section 7989, RSMo 1899) resulted in no private cause of action. The criminal penalty prescribed by the statute was held to be the exclusive remedy thereunder. The court said (l. c. 78 S.W. 640): "The statute regulating insurance, like that in relation to banks, imposes a penalty upon the agent for a violation of its provisions, and not as a reparation to the party injured."

In our opinion, the Kansas City Court of Appeals correctly applied the statute in Jones v. Horn. We see no reason for rejecting the construction of the statute followed in that case. We consider such construction wholly consistent with the recent decision in the case of Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, wherein the court en banc held that violation of Section 287.780, RSMo 1959, V.A.M.S., making discrimination against an employee for exercise of his rights under the workmen's compensation law a misdemeanor, does not create any right of civil action in favor of a particular employee affected by the violation.

In Christy, the court pointed out (295 S.W.2d 127) many instances in the statutes of this state where the legislature had expressly provided a civil remedy to the person injured by a prohibited act, including several instances where criminal punishment was also provided. The absence of provision for civil action in the statute involved in Christy was considered significant evidence of lack of legislative intention to create a civil liability. The statute here relied upon is equally silent. In connection with the problem of basing civil liability upon the criminal statute, a writer has stated:

"* * * When a statute expressly creates a criminal liability, the court which reads a civil obligation into the enactment is embarking upon a perilous speculation * * *.

"* * * Verbally, the court justifies its action by 'finding' that the legislature intended to create a civil duty although it did not explicit state this intention. Such an intention is usually imputed to the legislature where the court decides that the statute was passed for the protection of a class of which the plaintiff is a member. The obvious difficulty with this theory, however, is that even conceding a legislative intention to protect this class it has not evidenced any intention of achieving this protection by the imposition of a civil liability, since the only remedy provided by the statute is a criminal or penal proceeding." Lowndes, Civil Liability Created By Criminal Legislation, 16 Minn.Law Review 361, 363.

■ Furthermore, we have in this case long-continued legislative acquiescence in the construction placed upon the statute by the Kansas City Court of Appeals in Jones v. Horn. See State v. Messino, 325 Mo. 743, 30 S.W.2d 750, 754(1). In our opinion, such acquiescence should not be ignored in considering the plaintiff's position that Jones v. Horn incorrectly declared the law.[1]

As for this particular statute, we note that in several states the legislature has explicitly made the agent writing a policy for an unqualified foreign corporation personally liable for the amount of loss sustained on all such contracts of insurance. See Code of Alabama, 1940, Title 28, Section 9. The constitutionality of such statute was upheld by the United States Supreme Court in Noble v. Mitchell, 164 U.S. 367, 17 S.Ct. 110, 41 L.Ed. 472. A similar West Virginia statute, West Virginia Code, 1961, Section 3472(43), was applied in Karvalsky v. Becker, 217 Ind. 524, 29 N.E.2d 560, 131 A.L.R. 1074. Other cases in which similar statutes were applied are found in Annotation, 131 A.L.R. 1088.

Plaintiff cites cases from other jurisdictions in which statutes imposing only criminal liability upon an agent for writing insurance in an unqualified foreign corporation were held also to give rise to civil liability on the part of the agent. Among such cases are Hartman & Daniels v. Hollowell, 126 Iowa 643, 102 N.W. 524; Latham Mercantile and Commercial Company v. Harrod, 71 Kan. 565, 81 P. 214; Harrod v. Latham Mercantile and Commercial Company, 77 Kan. 466, 95 P. 11; Price v. Garvin, Tex.Civ.App., 69 S.W. 985; Mallery v. Frye, 21 App.D.C. 105. We have examined these cases, together with the more recent decision of the Superior Court of New Jersey in Gerald v. Universal Agency, Inc., 56 N.J.Super. 362, 153 A.2d 359. We have also considered the principles set out in the Restatement of the Law of Torts, Section 286, page 752. We are not persuaded by these authorities to conclude that Jones v. Horn, supra, was incorrectly decided, particularly in the light of the opinion of the court en banc in Christy v. Petrus, supra. If the criminal penalty imposed by Section 375.300 is inadequate to effect its purpose, the legislature may determine what further sanction is called for.

We are of the opinion that Section 375.300 does not afford a civil remedy to the plaintiff in this case and that the trial court therefore properly set aside the verdict against Seear and entered judgment in favor of such defendant Seear.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.

1. Following Christy v. Petrus, supra, the 72nd Missouri General Assembly approved SCSSB No. 339, which would have amended Section 287.780, expressly to give a right of civil action for its violation. However, the bill was vetoed by the governor and did not become law. Laws of Mo., 1963, page 702.