64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re the HIGHWAY EQUIPMENT CO.
The HIGHWAY EQUIPMENT CO., Highlift Equipment Co., and U.S.
Equipment Co., Debtors. Thomas R. Noland, Trustee.
Plaintiffs-Appellants,
v.
ALEXANDER HOWDEN LTD., Alexander Howden Group, Ltd.,
Alexander & Alexander, Inc., Alexander & Alexander Services,
Inc., Colin G. Bird, Loveless Insurance-Florida, Inc., and
Crump E&S of Atlanta, Inc. Defendants-Appellees.
 No. 94-3372.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1995.
 
 Before: SILER and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Highway Equipment Co. ("Highway") appeals the district court's order affirming the bankruptcy court's judgment for defendants Loveless Insurance-Florida ("Loveless") and Alexander Howden Ltd. ("Howden") in this adversary proceeding arising from the non-payment of a financial guaranty insurance policy. Based on the following discussion, we affirm.
 
 I.
 
 2
 Plaintiff Highway sold $6 million of earth moving equipment in 1982 to Knox Equipment Leasing Company ("Knox"), and took out a financial guaranty insurance policy with Beacon Insurance Company ("Beacon"). Defendants Loveless and Howden were involved in the placement of the policy with Beacon. Knox defaulted on the payments to Highway and filed bankruptcy.
 
 
 3
 Highway then filed a claim with Beacon pursuant to the financial guaranty policy. Beacon raised various defenses to the policy and refused payment. Beacon subsequently filed bankruptcy, and ultimately settled with Highway for $300,000. Highway received approximately $3.9 million on liquidation of the repossessed equipment, and $1.6 million from the Knox limited partners as guarantors. Highway filed a chapter 11 petition on July 2, 1985, and the bankruptcy court confirmed its liquidation plan on April 1, 1988.
 
 
 4
 Highway commenced the instant action in the context of its chapter 11 proceeding in the bankruptcy court. Highway asserted that Loveless and Howden were liable for placing the guaranty policy with Beacon because they allegedly: (a) breached their duty of care as brokers, (b) breached their fiduciary duty as Highway's agents, and (c) violated the Ohio surplus line statutes.
 
 
 5
 The bankruptcy court granted defendants' motion for judgment as a matter of law, finding that: (a) Loveless and Howden committed no breach of the duty of care as insurance brokers, (b) they were not Highway's agents, and, alternatively, they breached no fiduciary duty, (c) the Ohio surplus line statutes did not provide a private right of action, and (d) Highway's claim under a Florida corporate dissolution statute against the parent corporation of Loveless was time-barred. The district court affirmed the bankruptcy court's decision.
 
 
 6
 This court must independently review the bankruptcy court's decision. In re Flo-Lizer, Inc., 946 F.2d 1237, 1240 (6th Cir. 1991). We review legal conclusions de novo, and factual determinations for clear error. Id.
 
 II.
 
 7
 Highway argues that the bankruptcy court applied the wrong legal standard in determining whether defendants breached their duty of care as brokers. Specifically, Highway asserts that the bankruptcy court required it "to prove that Beacon, at the time Highway's financial guaranty policy was issued at the end of 1981, was insolvent." Highway argues that the proper standard is that the "insurance broker is to exercise reasonable skill and ordinary care under all of the circumstances to place an insurance risk with an insurer which will pay a loss if a claim is ultimately made, not merely to place the risk with an insurer which is at the time technically solvent."
 
 
 8
 We reject Highway's argument. First, Highway provides no credible support for its argument that a broker should effectively be held to a standard of strict liability in the case of non-payment of claims. Second, Highway misstates the bankruptcy court's holding regarding a broker's duty of care. The court concluded that "the best statement of the applicable law" is that no liability attaches to a broker "if the insurer becomes insolvent after the policy is written, ... unless the factors of insolvency were or should have been reasonably apparent at the inception of the policy." Highway has failed to show any legal error regarding the court's standard for a broker's duty of care.
 
 
 9
 The court properly analyzed Beacon's financial condition for both solvency and signs of insolvency, and concluded that "plaintiff has not proved that in 1981 Beacon was insolvent, or in a precarious financial condition."[1] Moreover, the court found that Beacon enjoyed an "A" rating from Best--the only rating authority for insurers at that time.[2] Highway has failed to show that the court erred in determining that Loveless and Howden did not breach a duty of care.
 
 III.
 
 10
 Next, Highway argues that the court should have found that Loveless and Howden were Highway's agents, and, thus, their actions breached their fiduciary duty.
 
 
 11
 Even if we assume that Loveless and Howden were Highway's agents, Highway has failed to show that defendants breached their fiduciary duty. For example, Highway argues that Howden violated such a duty by failing to disclose that one of Howden's officers, Colin Bird, owned a minority shareholder interest in the Toomey agency, an insurance agency in London that accepted business on behalf of Beacon. The bankruptcy court, however, found that "it was common in the London market in 1981 and consistent with the morality of that market, at that time, for brokers to have an interest such as Bird's in the Toomey agency." This factual finding is not clearly erroneous.
 
 
 12
 Specifically, three of Highway's experts provided direct support for this finding. Arnold Joffe, for example, conceded on cross-examination that he was not aware of "any duty that ... exists in the insurance industry that applies to insurance brokers for them to tell their insured clients that they have some relationship with a particular company that may act as an incentive for them to place the business there as opposed to somewhere else." Failure to disclose such a relationship might be relevant in a case where brokers placed a policy with a company that was insolvent or demonstrated signs of insolvency, but that is not the case here. In short, Highway has failed to show that defendants breached any fiduciary duty. Hence, we have no reason to address the court's finding that Loveless and Howden were not Highway's agents.
 
 IV.
 
 13
 Next, Highway argues that the bankruptcy court erred in concluding that the Ohio surplus line statutes do not create a private right of action. These statutes provides that any broker who places surplus insurance upon property or persons in Ohio must be licensed and file certain affidavits, among other things. Ohio Rev. Code Secs. 3905.30-.35. Violation of these provisions results in a fine of not less than twenty-five nor more than five hundred dollars, or imprisonment up to a year, or both. Ohio Rev. Code Sec. 3905.99.
 
 
 14
 The bankruptcy court concluded that this remedy is exclusive, and, thus, Highway has no private right of action under the statute.[3] We affirm this decision. Ohio courts have adhered to the well-established rule that "where a statute creates a new right or imposes a new duty, and prescribes a remedy for its violation, the remedy thus prescribed is exclusive." Fletcher v. Coney Island, Inc., 136 N.E.2d 344, 352 (Ohio App. Ct. 1955) (citations omitted); see also General Elec. Co. v. International Union, 108 N.E.2d 211, 219 (Ohio App. Ct. 1952); Rheinecker v. Forest Laboratories, 826 F. Supp. 256, 257 (S.D. Ohio 1993).[4]
 
 
 15
 Highway has failed to show that the Ohio legislature intended, or that the Ohio courts have created, a private right of action for an insured based upon violation of the Ohio surplus line statutes. Accordingly, we decline to create such a right. See Stack v. Westfield Companies, 515 N.E.2d 1005 (Ohio Ct. App. 1986) (statutes proscribing unfair trade practices in insurance industry do not create private cause of action for policyholder). Accord Bailey v. Canadian Shield General Ins. Co., 380 S.W.2d 378, 380 (Mo. 1964) (courts reading civil liability into criminal statutes are "'embarking upon a perilous speculation."'); Lafferty v. Rhudy, 878 S.W.2d 833 (Mo. Ct. App. 1994); but see Gerald v. Universal Agency, Inc., 153 A.2d 359, 363-64 (N.J. Super. Ct. 1959) (broker may be held civilly liable for placing insurance in a company not authorized by the state to do business in the state).[5]
 
 V.
 
 16
 Finally, Highway contends that the bankruptcy court had no jurisdiction over this action because it was filed post-confirmation, and, thus, the claim is not "related to" Highway's bankruptcy case. Highway concedes that it previously argued the opposite position before the bankruptcy court on Howden's pretrial motion to dismiss for lack of subject matter jurisdiction.
 
 
 17
 The bankruptcy court properly characterized this action as a related, non-core proceeding under 28 U.S.C. Sec. 157(c)(2) with all parties consenting.[6] Although Highway did not file this claim until after the court confirmed its plan, the claim is related in two ways. First, Highway filed this action in the context of its bankruptcy action alleging financial harm by the defendants' placement of a financial guaranty policy. Second, any recovery in favor of Highway would "'alter [Highway's] rights, liabilities, options, or freedom of action (either positively or negatively) and [would] impact ... the bankrupt estate."' Celotex Corp. v. Edwards, 115 S. Ct. 1493, 1499 (April 19, 1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). As Highway stated in its brief, "at the time [we initiated this adversary proceeding], the Liquidating Trustee was the true real party in interest and owner of the claims for the benefit of Highway's creditors subject to the terms of the liquidating trust." (emphasis added).
 
 
 18
 "Although situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement, ... a broader interpretation of the [jurisdiction] statute more closely reflects the congressional intent in adopting the new bankruptcy laws." In re Salem Mortgage Co., 783 F.2d 626, 634 (6th Cir. 1986). The subject matter of this adversary proceeding is not tenuous. Accordingly, the fact that Highway filed its claim after confirmation of its plan does not preclude subject matter jurisdiction. In re Chernicky Coal Co., 67 B.R. 828, 831 (Bankr. W.D. Pa. 1986 ("Our conclusion that we have subject matter jurisdiction is not affected by the fact that the Debtor's Chapter 11 plan has been confirmed.").
 
 
 19
 Additionally, there is no question that Highway consented to the bankruptcy court's jurisdiction. Consent may be "express; ... implied from a timely failure to object to the Bankruptcy court's jurisdiction; or ... implied from any act which indicates a willingness to have the Bankruptcy Court determine a claim or interest." In re Baldwin-United Corp., 48 B.R. 49, 54 (Bankr. S.D. Ohio 1985). Highway's actions in this case fall into all three categories. See In re Southern Indus. Banking Corp., 809 F.2d 329, 331 (6th Cir. 1987) (appellant consented by not objecting to the jurisdiction until he appealed from the bankruptcy court's unfavorable judgment); In re: Daniels-Head & Assoc., 819 F.2d 914, 917-18 (9th Cir. 1987).
 
 
 20
 "A related proceeding with the consent of all parties functionally has the same effect as a core proceeding, permitting the bankruptcy court to entertain jurisdiction over the matter and to enter a final judgment, order, or decree." In re Southern Indus. Banking Corp., 809 F.2d at 331 (citation omitted). Accord In re Nationwide Roofing & Sheet Metal, 130 B.R. 768, 776 (Bankr. S.D. Ohio 1991) (non-core, related proceeding where chapter 11 debtor brought action against insurer and agent alleging breach of duties). The bankruptcy court properly retained jurisdiction over Highway's adversary proceeding.[7]
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The bankruptcy court found that plaintiff's theory regarding Beacon's financial condition hinged upon the testimony of Melvin Dillon, special deputy commissioner appointed by the rehabilitator of Beacon. The court found Dillon's testimony was not reliable because his valuation method unreasonably excluded some of Beacon's major assets, namely, any premium not received within 90 days. The court also noted that Dillon testified as part of the settlement agreement between Highway and Beacon
 
 
 [2]
 The court did not expressly rely on this fact during this portion of the opinion. It, did, however, rely on Best's rating when discussing defendants' alleged duty as plaintiff's agent
 
 
 [3]
 Additionally, the court concluded that, even if a private right of action exists, plaintiff was estopped from such an action because Highway requested that the insurance policy be issued to it as a Pennsylvania resident presumably in order to avoid Ohio taxes. The court stated: "[w]e hold that by its actions in attempting to avoid Ohio law, plaintiff may not assert a claim based upon Ohio statutes relating to insurance." Based upon our holding, we have no reason to address this issue
 
 
 [4]
 Some recent Ohio cases have analyzed this issue under a three-prong test adapted from Cort v. Ash, 422 U.S. 66 (1975). See, e.g., Elwert v. Pilot Life Ins. Co., 602 N.E.2d 1219, 1228 (Ohio App. Ct. 1991). First, is the plaintiff a member of the class for whose benefit the statute was enacted? Second, is there any indication of legislative intent either to create such a remedy or deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for plaintiff? Id
 
 
 [5]
 The New Jersey court in Gerald, however, qualified its holding by stating that the broker would not be liable if "(1) he has first made unsuccessful but 'diligent effort' to procure from insurers authorized to do business in this State the amount of insurance required [by statute]; and (2) he has advised the insured that the policy which he delivers to him has been written by a company not authorized to do business in this State." Id. at 364
 
 
 [6]
 This statute provides that "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. Sec. 157(c)(2). The bankruptcy court noted that "[t]his case and proceeding have been referred to this court by the general order of reference of the District Court. This is a non-core proceeding. The parties have, pursuant to 28 U.S.C. Sec. 157(c)(2), consented that the bankruptcy judge hear and determine and enter appropriate orders and judgments, subject to review by appeal."
 
 
 [7]
 The bankruptcy court held that Highway's claim against Loveless's parent corporation for improper dissolution was time-barred under a Florida corporate statute. Plaintiff does not appeal this decision, but rather, asks the court to declare that, in the event of remand, "Highway has the right to pursue its substantive claims on the merits against both [Loveless and its parent corporation]." Based on our decision to affirm, we have no reason to address this issue