Charles A. Loreto, J.
Upon a motion to dismiss the complaint for insufficiency in law, the question presented is whether words alone set forth in a letter addressed to plaintiff husband *983 will sustain a common-law cause of action in tort for mental anguish as well as one based in violation of section 551 of the Penal Law.
Plaintiff husband is a stockbroker, financial consultant and securities broker. The defendants are members of a law firm and their clients. On behalf of the latter the attorneys addressed a letter to plaintiff husband demanding the delivery of certain securities for their clients and stating that suit would be instituted if delivery would not be made by a certain time. The letter further states: “We will also have the disagreeable task of informing the Stock Exchange, the N. A. S. D. and Dean Witter & Co. of your failure to deliver the securities as promised, it being our belief that such a failure is contrary to the obligations imposed by the standards of your profession.” It is this quoted passage which it is alleged that has caused mental anguish to plaintiff husband and to his wife to whom the letter was delivered and who also read it.
In New York the general rule is that mental anguish without physical contact or resultant physical injury is not sufficient to support recovery. The several New York cases cited by plaintiffs’ attorney are distinguishable for they deal with parties engaged in a public service whose employees in uttering abusive language to a passenger, guest or patron caused the latter to suffer humiliation and distress (Gillespie v. Brooklyn Hgts. R. R. Co., 178 N. Y. 347; Boyce v. Greeley Sq. Hotel Co., 228 N. Y. 106; see, also, Aaron v. Ward, 203 N. Y. 351; Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25). These cases stand apart as an exception to the New York rule. The recent case of Ferrara v. Galluchio (5 N Y 2d 16), where the court by a four to three vote permitted recovery for mental anxiety and anguish caused by spoken words, also stands apart as a guarded extension and exception to the general rule. Admittedly, it presented a novel situation in allowing recovery against the original wrongdoer for purely mental suffering ensuing from information the plaintiff received from a doctor to whom she went for treatment of the original injury. Although the majority opinion declares “ Freedom from mental disturbance is now a protected interest in this State ” (p. 21) and overrules objections as to the difficulty of proof and appraisal of the genuineness of mental disturbance in that case, it concludes with a statement, of the applicable principle found in Milks v. McIver (264 N. Y. 267, 269): “ Liability for damages caused by wrong ceases at a point dictated by public policy or common sense ”.
The novelty and distinguishing factors of the Ferrara case and the cautious limitation of its holding expressed by the *984 majority, do not warrant holding that public policy or common sense dictate redress under the facts of this case.
The allegation that the defendants “ wilfully and maliciously ” sent the letter to plaintiffs to cause them to suffer mental distress and to coerce them into paying a claim without the opportunity of a trial, does not contribute to the spelling out of remedial wrong. The only element alleged to support the charge of malice or coercion is in the quoted offending sentence of the letter. In the court’s opinion that alone would not justify the finding of wanton, malicious or coercive conduct.
In other jurisdictions recovery has been allowed for mental distress in factual situations which reveal abusive and coercive collection techniques, such as, a history of harrassment involving numerous letters and telephone calls to the plaintiff and to his employer. Whether suit will be sustained by our courts in a situation presenting such aggravated conduct is not a matter presented for determination now.
It is sufficient to hold that on the basis of the single letter in this case without more, no cause lies to recover damages for mental distress and tension resulting from reading it by the party to whom it is addressed. Nor is it sufficient to bring into existence a cause on behalf of plaintiff’s wife, under the allegation that it was delivered to her although not addressed to her nor referreing to her (Hutchinson v. Stern, 115 App. Div. 791; Balestrero v. Prudential Ins. Co., 126 N. Y. S. 2d 792, affd. 283 App. Div. 794, affd. 307 N. Y. 709). So much for the first and second causes of action.
The third and fourth causes of action both allege a violation of the penal statute and seek to recover for punitive damages. Absent any specific authorization in the statute, the court cannot discern any legislative intent to confer upon the aggrieved person a grant of a private right of action for its violation (1 C. J. S., Actions, § 12, p. 996). Moreover, section 551 of the Penal Law in substance declares it a misdemeanor if a person sends a letter ‘ ‘ threatening to do an unlawful injury to the person or property of another ’ ’. As the court has herein determined in overruling the sufficiency of the pleaded common-law causes based upon the same writing that no unlawful injury to plaintiffs was caused thereby, these causes must fail.
For the foregoing reasons, the motion is granted and the complaint is dismissed. Settle order.