516 So.2d 1011 (1987)
Paul H. BASS, Appellant,
v.
MORGAN, LEWIS & BOCKIUS, a Partnership and Angel Castillo, Jr., Appellees.
No. 85-1286.
District Court of Appeal of Florida, Third District.
December 1, 1987.
Rehearing Denied January 6, 1988.
Krongold & Bass and Paul Bass, Coral Gables, and Horton, Perse & Ginsberg, Miami, for appellant.
Morgan, Lewis & Bockius and Paul J. Levine and Gary S. Koenigsberg and Lowell L. Garrett, Sam Daniels, and Daniels & Hicks, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The opinion in this cause filed April 15, 1986, is hereby withdrawn and the following opinion is substituted in its place.
This is an appeal from the dismissal with prejudice of an amended complaint which, insofar as is now relevant, claimed the right to compensatory and punitive damages on the theory that a letter written by the appellee Castillo to the appellant Bass violated section 836.05, Florida Statutes (1983), which creates the crime of extortion.[1] We affirm.
We do not decide whether the contents of the correspondence in question were in fact in violation of the pertinent statute.[2] This is because we hold that no violation of the statute gives rise to a civil cause of action. In the recent case of Lavis Plumbing Services, Inc. v. Johnson, 515 So.2d 296, 298 (Fla. 3d DCA 1987), this court noted that the
mere violation of the penal statutes does not give rise to liability per se. Tourismart of America, Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986).
It was pointed out that such liability could arise only from the violation of a provision which imposes a duty for the benefit of a special class of individuals. Accordingly, Lavis Plumbing Services, Inc. held that, because section 843.08, the "impersonating an officer" statute, was intended to protect only the public and did not fall within this description, its violation did not create a damage action. The statutory history and intendment of the extortion statute before us cannot be distinguished from the one considered in Lavis. Consequently, we are bound to hold that the civil cause of action now asserted may not be maintained. In *1012 doing so, we reach the same conclusion as that in Miami Herald Publishing Co. v. Ferre, 636 F. Supp. 970 (S.D.Fla. 1985), which squarely so held as to the identical issue involving the Florida extortion statute, and by well reasoned authority from a sibling jurisdiction. Grimm v. Bam, 22 Misc.2d 982, 195 N.Y.S.2d 36 (Sup.Ct. 1959). Contra Elbe v. Wausau Hosp. Center, 606 F. Supp. 1491 (W.D.Wis. 1985), aff'd sub. nom. Callaway v. Hafeman, 832 F.2d 414 (7th Cir.1987).
Affirmed.
NOTES
[1] The appellant Bass also alleged a defamation claim but does not challenge the trial court's dismissal of that count.

Similarly, Bass does not contend that there is any common law action for damages based upon allegedly extortionate conduct. In fact, it is clear that none exists. Leventhal v. Dockser, 361 Mass. 894, 282 N.E.2d 680 (1972); Blaz v. Molin Concrete Products Co., 309 Minn. 382, 244 N.W.2d 277 (1976); see Wykle v. Valley Fidelity Bank & Trust Co., 658 S.W.2d 96 (Tenn. Ct. App. 1983).
[2] The statutory provisions enacted in 1986, which create a civil remedy for the victim, inter alia, of a pattern of criminal extortions, see §§ 772.102(1)(a)(22), 772.103, 772.104, Fla. Stat. (Supp. 1986), are inapplicable to the present case which arose prior to their adoption.