**H. George LAFFERTY, Jr., Appellant,**

v.

**Thomas R. RHUDY, D.C., Respondent.**

**No. WD 48394.**

Missouri Court of Appeals,
Western District.

June 21, 1994.

Robert K. Ball, II, Kansas City, for appellant.

Michael K. Botts, Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

ELLIS, Judge.

On March 30, 1993, H. George Lafferty, Jr. filed a petition for damages in the Jackson County Circuit Court naming Dr. Thomas R. Rhudy as defendant. Dr. Rhudy filed a motion to dismiss for failure to state a claim on July 30, 1993. This motion was opposed by Lafferty in his August 5, 1993 "Suggestions in Opposition to Defendant's Motion to Dismiss" and in an August 13, 1993 letter to the trial judge. On August 20, 1993, the trial court sustained Dr. Rhudy's motion "for the reason that plaintiff's petition fails to state a claim upon which relief can be grant-

ed against defendant."[1]   This appeal followed.   We affirm.

According to Lafferty's petition, in 1989 an individual by the name of Carol Litton filed suit against Dr. Rhudy for injuries she allegedly sustained while being treated by Dr. Rhudy.   During the course of the litigation, but after suit had been filed, Litton fired her lawyer and hired Lafferty, an attorney licensed to practice in Missouri, to represent her.   On the day trial was to begin, Lafferty was not present when the case was called because, says the petition, "for some reason, unknown to" him, the case had been transferred to a different division of the Jackson County Circuit Court.   The petition also claims that while the trial court initially dismissed the suit with prejudice and assessed monetary sanctions against Litton, shortly thereafter, the trial court "removed the sanctions" and modified the order of dismissal, changing it to a dismissal without prejudice.

Following the dismissal of the Litton suit, the petition alleges that Dr. Rhudy sent Lafferty a letter in which Rhudy complained bitterly about what he termed "the egregious manner in which [Lafferty] handled" the Litton case and accused Lafferty of engaging in a series of unprofessional and unethical acts throughout the course of the lawsuit, each of which was described in some detail.   Regarding this letter, Lafferty's petition states, in its entirety:

> 6.   That after the date of such dismissal with prejudice, defendant composed a letter which he caused to be sent to plaintiff, a copy of which is attached hereto as Exhibit A; that in authoring, publishing and sending said letter to Plaintiff, Defendant engaged in the Class D felony of attempted stealing, in that his threat against plaintiff was extortionate, in violation of §§ 570.030, 564.010(3), RSMo, punishable by confinement of from one (1) year in the county jail to 5 years of imprisonment under § 558.011, RSMo., to the plaintiff's damage in such amount as shall seem fair and reasonable.

In the seventh and final paragraph of the petition, Lafferty sought punitive damages "in such amount as shall serve to punish defendant and deter him and others from like conduct."

In reviewing the dismissal of a petition for failure to state a claim, "the only issue to be decided is whether the petition invokes substantive principles of law entitling a plaintiff to relief.   We treat all facts alleged in the petition as true and construe all allegations in favor of plaintiffs."   *State ex rel. Missouri Highway & Transp. Comm'n v. London,* 824 S.W.2d 55, 58 (Mo.App.1991) (citations omitted).

The portion of the letter Lafferty claims is actionable is as follows:

> I [Dr. Rhudy] have submitted a copy of my attorney's fees.   At the direction of Judge Dean [the trial judge who dismissed the suit and imposed sanctions], your client [Litton] has been instructed to pay [me] $1,000.00 [in attorney's fees].   I hereby extend to you an offer to compensate me for the remainder of the expenses incurred in this matter, $7,451.46.   This offer is good for five (5) days upon receipt of this letter.   If I have not heard from you within the allotted time, it is my intention to file an ethics complaint against you.

On appeal, Lafferty contends his petition states three civil causes of action against Dr. Rhudy: what he refers to as a "Violation of Duties Imposed Upon [Rhudy] And Due [Lafferty] Under The Criminal Laws of The State of Missouri," abuse of process, and duress.   We disagree on all three counts.

First, Lafferty contends he stated a cause of action based on his allegation that Dr. Rhudy committed the crime of attempted stealing by coercion.   Indeed, paragraph six of Lafferty's petition does claim that "in authoring, publishing and sending said letter to [Lafferty], [Dr. Rhudy] engaged in the Class D felony of attempted stealing, in that his

---

**1.**   Although the trial court's order did not specify whether the dismissal was with or without prejudice, it was an appealable involuntary dismissal with prejudice. *See Pennyrich, Inc. v. Lawton–Byrne–Bruner Ins. Agency,* 613 S.W.2d 473, 473–

74 (Mo.App.1981).   It should be noted, however, that under the new Rule 67.03, which became effective January 1, 1994, "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

threat against plaintiff was extortionate," in violation of Missouri criminal law.[2]

A person commits the crime of stealing "if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." § 570.030.1, RSMo 1986. If the value of the property or services appropriated is $150 or more, stealing is a class C felony. § 570.030.2(1). Section 564.011.-3(3), RSMo 1986, states that an attempt to commit a class C felony is a class D felony. A class D felony is punishable by imprisonment for up to five years. § 558.011.1(4), RSMo Supp.1993. *See also State v. Cox,* 752 S.W.2d 855, 859 (Mo.App.1988) (setting out the elements of attempted stealing by coercion).

■ Assuming, *arguendo,* that Dr. Rhudy's conduct constituted attempted stealing by coercion, it does not necessarily follow that Lafferty has a civil cause of action against him. "Criminal sanctions against doing or not doing some act do not automatically include authority for civil actions." *Aluma Kraft Mfg. Co. v. Elmer Fox & Co.,* 493 S.W.2d 378, 381 (Mo.App.1973). In fact, as the Missouri Supreme Court stated in *Christy v. Petrus,* 365 Mo. 1187, 1192, 295 S.W.2d 122, 126 (banc 1956):

> [A] statute which creates a criminal offense and provides a penalty for its violation will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent.

*See also Bailey v. Canadian Shield Gen. Ins. Co.,* 380 S.W.2d 378, 380 (Mo.1964) (warning that courts reading civil liability into criminal statutes are " 'embarking upon a perilous speculation.' ") None of the statutes relied on by Lafferty expressly provide that the victim of the crime of attempted stealing by coercion has a civil cause of action against the alleged perpetrator for damages result-

ing from the attempt. We are also unable to find anything in their wording or historical background indicating any legislative intent to create such a cause of action. In the absence of any indication of such intent, we are "constrained to assume that had the legislature desired to provide for [their] enforcement ... by civil action, as well as by criminal prosecution, such a provision would have been incorporated therein." *Christy,* 365 Mo. at 1192, 295 S.W.2d at 126.

This is especially true of the inchoate offense of *attempted* stealing by coercion, which is essentially designed to protect the public interest by controlling the number of completed crimes and in which the "victim," having parted with nothing as a result of the unsuccessful coercion employed by the perpetrator, suffers little if any actual harm. "[T]he general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, is not subject to a construction establishing a civil liability." 73 Am.Jur.2d *Statutes* § 432 (1974). *See also Parker v. Lowery,* 446 S.W.2d 593, 595–96 (Mo.1969) (noting fundamental distinctions between civil and criminal actions and stating that "[i]f every citizen were held to have a right of action for civil damages because of violations of the criminal law which were detrimental to the public interest, we would have utter chaos in our courts. The duty of the citizen is to report such crimes and to make formal complaint, if he feels it to be his duty.")

The New York case of *Grimm v. Bam,* 22 Misc.2d 982, 195 N.Y.S.2d 36 (Sup.Ct.1959), is particularly relevant on the facts of this case. The defendants, who were members of a law firm, sent a letter to plaintiff, a securities broker, demanding the delivery of certain securities for their clients and stating that suit would be instituted if delivery was not made by a certain time. The letter further stated that if the securities were not delivered promptly, the firm would inform

---

**2.** In his brief, Lafferty also claims Dr. Rhudy violated 18 U.S.C.A. § 876 (West Supp.1993), prohibiting the mailing of threatening communications. We do not consider this claim on appeal as his petition contains no allegations whatsoever concerning that statute. *See Matyska v.*

*Stewart,* 801 S.W.2d 697, 700 (Mo.App.1991) (in reviewing a dismissal for failure to state a cause of action, appellate court construes allegations contained in petition to determine whether they "inform the defendant of what plaintiffs will attempt to establish at trial.")

the New York Stock Exchange and the National Association of Securities Dealers of the broker's "'failure to deliver the securities as promised, it being our belief that such a failure is contrary to the obligations imposed by the standards'" of the plaintiff's profession. 195 N.Y.S.2d at 37–38.

Plaintiff brought suit for compensatory and punitive damages, alleging that the law firm had violated a New York penal statute making it a misdemeanor to send a letter "'threatening to do any unlawful injury to the person or property of another.'" *Id.* at 39. The court dismissed the complaint for failure to state a claim, holding that "[a]bsent any specific authorization in the statute, the court cannot discern any legislative intent to confer upon the [plaintiff] a grant of a private right of action for its violation." *Id. See also Bass v. Morgan, Lewis & Bockius,* 516 So.2d 1011 (Fla.Dist.Ct.App.1987) (complaint alleging defendant wrote letter violating criminal extortion statute properly dismissed with prejudice; violation of statute, even if proved, does not give rise to civil cause of action for damages).

Lafferty nevertheless urges us to create a new cause of action for violation of this state's criminal statutes defining the inchoate offense of attempted stealing by coercion. We decline to do so. While Missouri courts will not hesitate to expand accepted common-law doctrines where necessary, they "do not invent new causes of action which are not justified by recognized legal principles, nor may we extend the interpretation of our criminal statutes beyond the obvious legislative intent." *Parker,* 446 S.W.2d at 596. Point denied.

▪ Next, Lafferty argues his petition states a cause of action for abuse of process. We disagree. Abuse of process is the malicious use of duly issued legal process, whether criminal or civil, "to accomplish some end which is outside the regular purview of the process." *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 n. 1 (Mo. banc 1990).

A pleading alleging abuse of process must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted, or improper use of process; and (3) damage resulted. *Stafford v. Muster,* 582 S.W.2d 670, 678 (Mo. banc 1979). Assuming, *arguendo,* that the filing of an ethics complaint against a lawyer constitutes use of "process" by the complainant, Lafferty's petition does not properly plead a claim for abuse of process because it merely alleges that Dr. Rhudy *threatened* to file an ethics complaint against Lafferty, not that he ever actually filed such a complaint and pursued it with the improper purpose of extorting payment from Lafferty.[3] "The gist of an action for abuse of process is the improper use of process *after it has been issued." Wells v. Orthwein,* 670 S.W.2d 529, 532 (Mo.App.1984) (emphasis added).

Moreover, since Lafferty's petition simply claims he was "damage[d]," but does not in any way state the nature of his damages or describe how they were causally related to Dr. Rhudy's supposed wrongful abuse of process, *Ritterbusch,* 789 S.W.2d at 492, 494, it also fails to sufficiently allege the required element of damages.

*Hupp v. North Hills Lincoln–Mercury, Inc.,* 610 S.W.2d 349 (Mo.App.1980), far from being "of controlling significance," as claimed by Lafferty, is inapposite. *Hupp* was an action for malicious prosecution in which the defendant, a car dealership, filed a meritless criminal bad check charge against a customer to pressure him into making a payment which was not yet due under their agreement, resulting in the customer's arrest and detention in the county jail. The bad check charge was later dismissed by a magistrate after a hearing, and the customer received compensatory and punitive damages against the dealership for its malicious prosecution of that charge. *Hupp* most certainly does *not* hold, as Lafferty argues, that "the mere *threat* of process" is sufficient to state a

---

3. In his brief, Lafferty claims Dr. Rhudy did indeed "file a complaint with the bar authorities" which Lafferty is now defending. This allegation is irrelevant to this appeal since it was not made in the petition.

claim for abuse of process or to support an award of damages for abuse of process. Lafferty's second point is denied.

 In his third and final point, Lafferty argues his petition states a cause of action for the tort of duress. It does not.

> [Duress] comes into play to provide a basis for undoing an act performed involuntarily. In order for there to be 'duress,' a person must be subjected to pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent. The doctrine is usually employed to set aside an instrument executed, or to recover money paid, because of coercion exercised by another having superior power.

*United Tel. Co. v. Horn,* 610 S.W.2d 701, 705 (Mo.App.1980) (citations omitted).

While duress is most often used as a defense to the formation of a contract, *see, e.g., Aurora Bank v. Hamlin,* 609 S.W.2d 486, 488 (Mo.App.1980), "[t]he obtaining of a transfer of any form of property by duress is now recognized as tortious." *Furman v. Gulf Ins. Co.,* 152 F.2d 891, 894 (8th Cir.1946) (applying Missouri law); *see also Steinger v. Smith,* 358 Mo. 39, 46, 213 S.W.2d 396, 400 (1948) (recognizing that the payment of money under circumstances constituting duress is tortious and " 'will render the same involuntary and entitle the party so coerced to recover the money paid....' ")

Lafferty's petition does not allege that Dr. Rhudy's threat to file an ethics complaint against him subjected Lafferty to pressure which overcame his will and coerced him to comply with any demand to which he would not otherwise have yielded. Nor does it allege that Dr. Rhudy deprived Lafferty of the free exercise of his will power and thereby coerced Lafferty into involuntarily giving Rhudy anything of value.[4] It is therefore clear that Lafferty's petition does not state a cause of action for duress against Dr. Rhudy. *See Horn,* 610 S.W.2d at 705 ("[D]efendant here never did make the payment demanded by the [telephone company]. He did nothing

against his will. He has done nothing which needs to be undone, nor has he parted with any money to which he should be restored. The doctrine of duress therefore has no application here.") Lafferty's final point is denied.

The judgment of the trial court is affirmed.

All concur.

---

4. In fact, Lafferty acknowledges that Dr. Rhudy's threat to file an ethics complaint *did not* induce him to pay Rhudy any money whatsoever.