**Liston Donneal BOSCHETTE,
et al. Plaintiffs,**

v.

**Kenneth BACH, et al. Defendants.**

**Civil No. 93–1528(JP).**

United States District Court,
D. Puerto Rico.

April 29, 1996.

### OPINION AND ORDER

PIERAS, District Judge.

Attorneys in this case have litigated imaginatively in their unrelenting war against unjustified litigation. They have developed new causes of action and sought to modify the elements of existing ones to fit the facts of their case. The final round came in a Judgment dated February 23, 1996, in which this Court dismissed plaintiffs' complaint for failure to state a cause of action under Puerto Rico law (docket No. 156). The Court told the parties that it would consider any opposition to the dismissal by means of a motion for reconsideration. As promised, this Opinion and Order explains the reasons for the

Court's determination that there is no cause of action for extortion under Puerto Rico's Civil Code. By entering the last Judgment, the Court in this case "cornered the market" (to use the jargon of the futures market) in that it has dismissed all the causes of action asserted by the parties.

## I. INTRODUCTION

Plaintiffs Liston Boschette, Jr. and Norma Jean Boschette initiated this diversity tort action for damages which resulted from defendant's harassing telephone calls in which he allegedly attempted to extort plaintiffs with respect to certain videos of their son engaging in sexual relations with Nanette Guzmán and Lissette Rodríguez. Plaintiffs allege that defendant threatened to publicize their son's role in making the video tapes and to take legal action against him if they did not give him an "economic consideration." Defendant Kenny Buck admits that he made numerous phone calls to the Boschette residence in Fort Myers but denies that he attempted to extort them. Plaintiffs never gave defendant money or any other consideration in spite of his alleged threats.

## II. SUA SPONTE DISMISSAL

■ A court may sua sponte dismiss a case when it is apparent that no cause of action is stated. *Literature, Inc. v. Quinn*, 482 F.2d 372 (1st Cir.1973); *Gómez Vázquez v. Litton Indus. Leasing Corp.*, 67 F.R.D. 117, 120 (D.P.R.1975); *Snyder v. Talbot*, 836 F.Supp. 26, 30 (D.Me.1993); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 301 (2d ed. 1990). The court must give the plaintiff notice of the proposed action and an opportunity to address the issue, unless amendment of the complaint would be futile or it is patently obvious that the plaintiff cannot prevail. *Wyatt v. City of Boston*, 35 F.3d 13, 14–15 (1st Cir.1994). Dismissing a complaint that fails to state a claim is the proper means to bring about the "just, speedy, and inexpensive determination of every action" as mandated by the Federal Rules of Civil Procedure. *Snyder*, 836 F.Supp. at 30 (citing Fed. R.Civ.P. 1).

## III. DISCUSSION

■ Without a doubt, the laws of Puerto Rico penalize extortion as a criminal act. Article 175 of Puerto Rico's Penal Code provides that "any person who by means of force, or intimidation ... compels another to do, permit or omit something, under circumstances not amounting to robbery, shall be punished by imprisonment for a fixed term of three (3) years." P.R. Laws Ann. tit. 33, § 4281 (1983). Article 176 defines the kinds of fear that can be used in extortion:

Fear as a means of extortion may be caused, among others, by threats in any of the following ways:

(a) To do unlawful injury to the person or property of the individual threatened, or to the person or property of any member of his family.

(b) To accuse said individual or any member of his family of having committed any crime.

(c) To expose any deformity of him or any member of his family or to impute to him or them any disgrace.

(d) To expose any secret affecting or prejudicing said person or any member of his family.

P.R. Laws Ann. tit. 33, § 4282 (1983).

However, this is not a criminal case— plaintiffs claim a civil cause of action. Indeed, no criminal case for extortion has been brought against anybody. In some states, statutory civil remedies provide redress for the victims of extortion. *See* Fla.Stat. ch. 772.102 et seq. (Supp.1986) (creating a civil remedy for a pattern of criminal extortion, although not for isolated instances). Absent a specific statutory cause of action, courts have determined if a tort for extortion exists by applying established jurisprudence regarding whether violation of a criminal law gives rise to a private right of action. *Desmond v. Lucks*, 1988 WL 90500 (Del.Super.1988), is such a case. Plaintiff Desmond, who sought to sell his business and the remainder of a leasehold, claimed that the defendant landlords refused to negotiate a new lease (which was to continue after conclusion of the remainder of the extant lease) with the potential purchaser of the business unless

plaintiff agreed to pay some money he allegedly owed them. Unable to secure a new lease, the potential purchaser was excused from the contract and Desmond suffered damages. Desmond sued Luck, seeking civil recovery based on Delaware's statute criminalizing extortion. Defendant Luck alleged that the extortion count did not state a claim upon which relief could be granted. Applying the Supreme Court's teachings in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), regarding whether a criminal statute gives rise to an implied private right of action, the Superior Court of Delaware determined that the criminal extortion statute did not provide a source of civil redress. *Accord, Grimm v. Bam,* 22 Misc.2d 982, 195 N.Y.S.2d 36 (N.Y.Sup.Ct.1959); *Bass v. Morgan, Lewis & Bockius,* 516 So.2d 1011 (Fla.Dist.Ct. App.1987); *contra Elbe v. Wausau Hosp. Ctr.,* 606 F.Supp. 1491 (W.D.Wis.1985).

Some common law courts, in dismissing civil claims of extortion have simply reviewed existing jurisprudence and found no such cause of action. *See, e.g., Myers v. Cohen,* 5 Haw. App. 232, 687 P.2d 6 (1984) ("We are unable to find any indication of a common law tort of extortion, and Hawaii does not have a civil extortion statute"), *rev'd on other grounds,* 67 Haw. 389, 688 P.2d 1145 (1984); *Blaz v. Molin Concrete Prod. Co.,* 309 Minn. 382, 244 N.W.2d 277 n. 1 (1976) ("We are unaware of any civil tort [of extortion], and no authorities were cited in support of this claim"); *Leventhal v. Dockser,* 361 Mass. 894, 282 N.E.2d 680 (1972) ("The counts described as being for 'extortion' and for 'coercion and duress' do not state facts supporting any recognized civil cause of action in this Commonwealth"); *Wykle v. Valley Fidelity Bank & Trust Co.,* 658 S.W.2d 96 (Tenn.Ct.App. 1983) ("[W]e [do not] know of a civil action— except in states where their statutes provide for civil penalties [footnote omitted]—for the crime of extortion").

Other common law jurisdictions, while not explicitly recognizing a civil cause of action for extortion, have allowed an action to recover monies paid in response to extortionate demands. For example, in *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), the plaintiff brought an action in assumpsit to recover a sum of money paid to the defendant as the result of extortionate threats. The Supreme Court of Pennsylvania affirmed by an equally divided court the trial court's determination that the defendant's prior criminal convictions in the United States District Court for the Western District of Pennsylvania for violation of the Hobbs Anti–Racketeering Act were admissible in evidence as conclusive evidence of the fact of the alleged extortion and warranted a directed verdict for the plaintiff. *Id.* at 496, 206 A.2d 624. This Court is mindful that the cause of action here lies in assumpsit for monies paid rather than in extortion, although the monies were paid as a result of extortion.

The Court of Appeal of Louisiana for the Fourth Circuit, a civil code jurisdiction like Puerto Rico, has recognized extortion as a cause of action under Article 2315 of its Civil Code. Article 2315 states that "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." La. Civ.Code Ann. art. 2315 (West 1996). In *Brauninger v. Ducote,* 381 So.2d 1246 (La.Crt.App. 4th Cir.1979), the plaintiff's five year-old daughter was raped by the seventeen year-old son of a neighbor. The rapist's family began to verbally threaten the life of Mrs. Brauninger and that of her daughter and to make other extortionate threats in an attempt to convince her to desist from instigating criminal charges. The Louisiana Court of Appeals for the Fourth Circuit held that plaintiff's allegations of extortion stated a cause of action. However, we note that this case presents extreme circumstances and the court's opinion was concerned primarily with whether Mrs. Brauninger could recover for the mental anguish she suffered as a result of her daughter's physical injury.

The Supreme Court of Puerto Rico has proceeded more cautiously in application of Article 1802 of its Civil Code by considering all special circumstances surrounding or innately related to the nature of the action and deeming particular elements to be necessary antecedents to a cause of action. Article 1802 simply states that a "person who by an

act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31 § 5141 (1991). The Supreme Court of Puerto Rico illuminated this provision in *Hernández v. Fournier,* 80 P.R.R. 94, 97 (1957):

> According to the section in question [§ 1802 of Civil Code], which establishes one of the fundamental principles of our jurisprudence—that of the Aquilian liability for personal acts—all damage, whether material or moral, gives rise to reparation if three requirements are met: *first,* proof of the reality of the damage suffered; *second,* a causal relation between the damage and the action or omission of another person; and *third,* said act or omission is negligent or wrongful. (Citations omitted). That precept "... does not admit a limitation or exception of any kind; and consequently, the wrongdoer who is guilty of fault or negligence, whatever the consequences may be, is bound to repair the wrong, that the victim be delivered from the effects of the damage suffered." (Citation omitted). Thus, the manner how damage is caused is immaterial. And, by the same token, material as well as purely moral damages are recoverable in our jurisprudence.

Although at first blush this provision seems remarkably broad, the Puerto Rico Supreme Court has restricted its force through case law. We refer the reader to the recent opinions of this Court dealing with how the Puerto Rico courts developed a cause of action for malicious prosecution based on prior civil proceedings that was more restrictive than the general damage action envisioned by the *Hernández* Court. *See Schroeder v. De Bertolo,* 912 F.Supp. 23, 25 (D.P.R.1996), *Boschette v. Bach,* 916 F.Supp. 91, 95 (D.P.R.1996), *Boschette v. Buck,* 914 F.Supp. 769, 774 (D.P.R.1995); *Bonilla v. Trebol Motors Corp.,* 913 F.Supp. 655, 660–61 (D.P.R.1995). Thus, where this Court marks the trajectory of the Supreme Court of Puerto Rico in this regard, courts have recognized that "Article 1802, like its civil code counterparts elsewhere, is a 'declaration of principle' whose application requires a consideration of the different interests at stake in different sorts of cases." *Reyes–Cardona v. J.C. Penney & Co., Inc.,* 694 F.2d 894, 896 (1st Cir.1982) (as stated by Justice Breyer when sitting as Circuit Judge for the First Circuit).

Certainly, it is our opinion that to continue creating causes of action by further interpretation of Article 1802 reveals an extreme case of "cause of actionitis," as we now baptize such tendency. Perhaps the Supreme Court of Puerto Rico would recognize a civil cause of action in cases involving extortion if plaintiff could at least show extreme circumstances such as those present in *Fonseca v. Oyola,* 77 P.R.R. 496 (1954), the only case in which the Supreme Court of Puerto Rico ever allowed plaintiffs to recover under a theory of malicious prosecution based on prior civil proceedings. Such exceptional circumstances might include the institution of criminal proceedings where the defendant was found guilty of extortion, actual payment of money or intense and clear physical damages.

Neither such circumstances nor results are present in this case. Therefore, we will not delve further into this possibility and without further deliberation rule that there is no civil cause of action in this jurisdiction for the tort of extortion nor do aggravated circumstances exist in this case which would make the court consider further such possibility.

## IV. CONCLUSION

This Court has reviewed the case law and can find no evidence that the Puerto Rico Supreme Court has ever permitted recovery under the Civil Code for damages caused by extortion or attempted extortion. Nor is the Court inclined to continue expanding the scope of Article 1802 without limitation. "[L]itigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed." *Ryan v. Royal Ins. Co. of America,* 916 F.2d 731, 744 (1st Cir.1990). "We may, perhaps, be unadventurous in our interpretation of [state] law, but a plaintiff who seeks out a federal venue in a diversity action should anticipate no more." *Porter v. Nutter,* 913 F.2d 37, 41 (1st Cir.1990) (foot-

note omitted). For all the reasons stated hereinbefore, plaintiff's complaint was DIS-MISSED with prejudice.

IT IS SO ORDERED.