**I.G.I. General Contractor & Dev., Inc.,**
Plaintiff/Appellant,
v.
**Public School System,**
William S. Torres,
Clemente S. Sablan, and
JTS Insurance Company, Inc.,
Defendants/Appellees.
Appeal No. 97-031
Civil Action No. 94-0647
April 28, 1999

Argued and Submitted September 30, 1998

Counsel for appellant: Reynaldo O. Yana, Saipan. (Juan T. Lizama, Saipan, MP)

Counsel for appellee Clemente S. Sablan: Bret Lubic, Saipan. (Law Offices of Brian W. McMahon)

Counsel for appellee JTS Insurance Co., Inc.: Robert C. Naraja, Saipan.

Counsel for appellees Public School System and William S. Torres: Michael Ambrose, Assistant Attorney General, Saipan.

BEFORE: DEMAPAN, Associate Justice, BELLAS, and ONERHEIM, Justices Pro Tem:

DEMAPAN, Associate Justice:

Plaintiff/appellant, IGI General Contractor & Dev., Inc. ("IGI") appeals the trial court's order finding in favor of defendants/appellees Public School System ("PSS"), William S. Torres ("Torres"), Clemente S. Sablan ("Sablan") and JTS Insurance Company, Inc. ("JTS"). In its order dated August 24, 1994, the trial court dismissed IGI's tort claim of attempted extortion and

conspiracy against defendants for failure to state a claim upon which relief can be granted. In a separate order dated July 7, 1997, the trial court ruled that IGI had failed to exhaust administrative remedies and dismissed the entire case. We have jurisdiction pursuant to 1 CMC § 3102(a) and Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art IV § 3 (1997).

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2     IGI raises two issues for our review:

1. Whether the trial court erred in dismissing the amended complaint for failure to state a claim upon which relief can be granted. We review the trial court's findings de novo. *Riviera v. Guerrero,* 4 N.M.I. 79, 81 (1993).

2. Whether the trial court erred in dismissing the entire complaint on the ground that IGI failed to exhaust its administrative remedies. We review the trial court's findings de novo. *Sablan v. Tenorio* 4 N.M.I. 351, 355 (1996).

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In March of 1993, IGI entered into a construction contract with PSS to build five classrooms with toilet facilities at Koblerville Elementary School. The project was supervised by Sablan, the CIP Coordinator for PSS, and Torres, the Commissioner of Education.

¶4     IGI's performance under the contract was secured by a construction bond issued by JTS. IGI was removed from the project by PSS, and as a result, JTS arranged to have another contractor complete the project.

¶5     IGI filed its original complaint on June 17, 1994. Under Count I of its complaint, IGI alleged that PSS breached the construction contract. IGI's claim under Count I includes: Sablan orally stopping the project, PSS's failure to put in writing the change order, and PSS's failure to give IGI written notice of the termination of contract before the end of the term.

¶6     Under Count II, referred to as the "tort" claim, IGI alleged that Sablan attempted to extort a payoff from IGI. Count II also alleged that Torres conspired with Sablan after learning about his conduct by allowing another contractor to complete the project.[1] Sablan allegedly attempted to extort a payoff from IGI's president and Torres allegedly conspired with Sablan by allowing

another contractor to complete the project.

¶7     The defendants filed a motion to dismiss IGI's claim for the tort of attempted extortion and conspiracy. The motion was granted in its entirety on August 24, 1994.[2]

¶8     On July 7, 1997, the trial court entered an order dismissing the amended complaint on the ground that IGI failed to exhaust its administrative remedies. IGI timely appealed.

## ANALYSIS

I.   *Failure to State a Claim Upon Which Relief Can be Granted*

¶9     In the trial court's order granting a motion to dismiss, IGI alleged a cause of action for attempted extortion against Sablan and a cause of action for civil conspiracy against Torres. *IGI Gen. Contractor & Dev., Inc. v. Public Sch. Sys.,* No. 94-0647 (N.M.I. Super. Ct. Aug. 24, 1994)(Order Granting Motion to Dismiss at 2.) The trial court concluded that neither cause of action is recognized in the Commonwealth. *Id.* at 3-4.

¶10    Pursuant to 7 CMC § 3401:

In all proceedings, the rules of the common law, as expressed in the restatements of law approved by the American Law Institute and, to the extent not so expressed as generally understood and applied in the United States, shall be the rules of decision in the courts of the Commonwealth, in the absence of written law or local customary law to the contrary.

¶11    We agree with the trial court that there is no written law in the Commonwealth as generally understood recognizing the torts of attempted extortion or the tort of conspiracy. The question we are faced with now is whether there is a claim under the common law as it is generally understood and applied in the United States.

¶12    IGI argues that any infliction of emotional harm, resulting in damage, without justification, constitutes a tort and it is not necessary for a tort to have a name or precedent to exist under common law. "Any private wrong constitutes a tort". *Fisher v. Toler,* 401 P.2d 1012, 1014 (Kan. 1965). Many courts have held that IGI would be required to state a claim under a cognizable legal theory

---

[1] PSS should be aware that this Court frowns upon administrative actions such as the unilateral termination of contracts without notice or due process to the parties affected.

[2] (1) Count II was dismissed in its entirety for failure to state a claim upon which relief can be granted; (2) the amended complaint was dismissed in its entirety as against Torres in his individual capacity, and (3) IGI's attempt to hold PSS vicariously liable for the alleged acts of Sablan. *I.G.I Gen. Contractor & Dev., Inc., v. Public Sch. Sys.,* Civil Action No. 94-0647 (N.M.I. Super. Ct. August 24, 1994) (Order Granting Motion to Dismiss).

in order to be entitled to relief. A complaint may be dismissed as a matter of law for lack of a cognizable legal theory. *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598 (D.Cal. 1991) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). We find that the common law as generally understood and applied in the United States does not provide relief for the tort of attempted extortion or the tort of conspiracy. Thus, we have no basis for recognizing the alleged torts.

### A. *Attempted Extortion is Not a Cognizable Legal Theory*

¶13 ■ IGI cites cases for the proposition that the tort of extortion is not entirely unheard of. *Wilbur v. Balnchard*, 22 Idaho 517, 126 P. 1069 (1912). IGI is asking that the crimes of attempted extortion[3] and conspiracy to commit the same[4] be used as the basis for torts of similar designation. Courts have ruled that an act which constitutes a crime, such as attempted extortion, does not amount to a tort in the absence of statutory authority. In *Boschette v. Bach*, 925 F. Supp. 100 (D. Puerto Rico 1996), the court held that Puerto Rico's criminal extortion statute does not give rise to a private right of action based on extortion or attempted extortion. Similarly, there is no statute in the CNMI which authorizes IGI to pursue a private right of action based on attempted extortion or conspiracy to commit such a crime.

### B. *Civil Conspiracy is Not a Recognized Tort in the CNMI*

¶14 ■ The trial court found, and we agree, there is no written law in the Commonwealth recognizing the tort of civil conspiracy. *IGI Gen. Contractor & Dev., Inc. v. Public Sch. Sys., et al.*, No. 94-0647 (N.M.I. Super. Ct. Aug. 24, 1994). The majority view, as acknowledged by the trial court, is there is no substantive tort of civil conspiracy recognized under common law. *Id.* [T]here is no such thing as a tort for civil conspiracy. *Jones v. Spindel*, 147 S.E.2d 615 (Ga. 1966).

### C. *The Allegations are Insufficient to Support the Claims of Attempted Extortion and Civil Conspiracy*

¶15 Even if we were to recognize civil claims for attempted extortion and civil conspiracy in the Commonwealth, IGI has failed to allege any facts in support of the claims. We find no basis from the facts

presented and from the excerpts of record, to support the civil tort of conspiracy or attempted extortion for which relief can be granted.

### D. *Intentional Interference with a Contractual Relationship*

¶16 ■ In its August 24, 1994, decision, the trial court stated in a footnote that IGI's claim for a cause of action under RESTATEMENT (SECOND) OF TORTS §§766 and 766A, for intentional interference with contract, would likewise fail. *IGI Gen. Contractor & Dev., Inc. v. Public Sch. Sys., et al.*, No. 94-0647 (August 24, 1994) (Order Granting Motion to Dismiss at 4 n.1). Generally, where a party does not discuss issues in its brief, they are treated as waived. *Santos v. Nansay Micronesia, Inc.*, 4 N.M.I. 155, 159 n.1 (1994). In the brief, appellants only make a complaint that a "tort" was committed not a complaint for intentional interference with a contractual relationship. We assume there is a valid contract, but that issue is not on appeal. We will not further address the issue since intentional interference with a contractual relationship was not discussed in IGI's appeal of the trial court's decisions.

## II. *IGI Failed to Exhaust Its Administrative Remedies*

¶17 The trial court granted defendant's motion to dismiss on the grounds that it lacked subject matter jurisdiction over the amended complaint due to IGI's failure to exhaust administrative remedies.[5]

¶18 As the trial court stated, and we agree, this case is based on contract. The trial court gave deference to the terms in the contract. Section 3 of the contract between IGI and PSS provides that any disputes arising between the parties shall be submitted to administrative review and appeal as provided by § 5201 of PSS Procurement Regulations.[6]

¶19 IGI admitted in its appeal that it did not go through the proper administrative process as provided for in the contract. IGI argues that this case falls under the various exceptions to the rule requiring exhaustion of administrative remedies. IGI contends it was excused from doing so because (1) to have done so would have

---

[3] 6 CMC §§ 301(a) and 1604(a).

[4] 6 CMC §§ 303(a)(4).

[5] In a footnote the trial court stated because IGI's failure to exhaust administrative remedies is dispositive in this case, the court did not address the issues raised in the Alternative Motion for Summary Judgment on the pleadings. *IGI Gen. Contractor & Dev., Inc. v. Public Sch. Sys*, No. 94-0647 (N.M.I. Super. Ct. July 7, 1997) (Order Granting Defendant's Motion to Dismiss).

[6] "Any dispute between PSS and a contractor relating to the performance interpretation of or compensation due under a contract, which is the subject to these regulations must be filed with the Commissioner of Education". *Id.* at 3.

been futile, as Torres would have been called to adjudicate claims against himself; and (2) neither Torres nor PSS have the authority or jurisdiction to adjudicate IGI's tort claims and constitutional claims.

¶20 The trial court disagreed, citing *Rivera v. Guerrero,* 4 N.M.I. 79 (1993), the case on point. In that case, the Supreme Court did not acknowledge any exceptions to the doctrine of exhaustion of administrative remedies which allow a party to proceed directly to court in a dispute against an agency or its representatives. Cases cited by IGI to support an exception are cases where administrative proceedings had been instituted.[7]

¶21 ■ IGI also alleges that Torres was involved in the alleged wrongdoings and could not make a finding against himself, thus rendering exhaustion of administrative remedies futile.[8] In *Rivera,* the Court stated "We have to presume" the administrative official will follow the law or regulation "and invalidate any of its own actions that it finds to be illegal. Only if it fails to do so may judicial review follow." 4 N.M.I. at 83. By not initiating administrative relief, IGI has not demonstrated positively that administrative adjudication could not provide adequate relief.

¶22 ■ IGI argues they were excused from exhausting administrative remedies because there was a claim for violation of a constitutional right. *Dowden v. Warner,* 481 F.2d 642 (9th Cir. 1973). In *Dowden,* the Ninth Circuit held where a complaint is founded "solely" on a Constitutional issue, exhaustion of administrative remedies might not be required. *Id.* at 643. However, IGI's claim of a constitutional violation is not the "sole" issue in this case. As a general rule, the mere presence of a constitutional claim does not bar operation of the doctrine of exhaustion of administrative remedies. *Rivera,* 4 N.M.I. at 83. Accordingly, the trial court was correct in finding dismissal proper.

## CONCLUSION

¶23 Based upon the reasons set forth in this opinion, we hereby **AFFIRM** the trial court's August 24, 1994, and July 7, 1997, orders granting appellee's motion to dismiss.

---

[7] *Lodge 1858, Amer. Fed. of Gov. Emp. v. Paine,* 436 F.2d 882 (D.C. Cir. 1970): *City of Lakeview Station v. Moore Real Estate,* 558 N.E.2d 824 (Ind. 1990).

[8] § 9 of the contract between IGI and PSS references that the Commissioner has authority to review and remedy "any act or omission on the part of the Contracting Officer".