**Adela OTTE and Donnie Scott, Plaintiffs/Appellants,**

v.

**Dean A. EDWARDS, Sr., Dinnell Edwards, and Dean Edwards, Jr., Defendants/Respondents.**

**No. ED 97404.**

Missouri Court of Appeals, Eastern District, Division Three.

May 22, 2012.

Application for Transfer to Supreme Court Denied July 3, 2012.

Application for Transfer Denied Aug. 14, 2012.

Douglas B. Salsbury, Eureka, MO, For Plaintiffs/Appellants.

James A. Harfst, Louis, MO, For Defendants/Respondents.

## Introduction

SHERRI B. SULLIVAN, J.

Adela Otte and Donnie Scott (Appellants) appeal from the trial court's judgment granting Dean A. Edwards, Sr., Dinnell Edwards and Dean Edwards, Jr.'s (collectively Respondents) Motion to Dismiss Count I of Appellants' Petition for Wrongful Death. We affirm.

## Factual and Procedural Background

Dinnell E. and Dean A. Edwards, Sr. are the parents of Dean A. Edwards, Jr. (Dean). In their petition, Appellants allege that on the evening of June 26, 2010, Respondents held a party at their home for Dean and his friends. Appellants' son, Ethan Otte (Ethan), a friend of Dean's, attended the party. Appellants allege that Respondents served and/or countenanced the consumption of alcoholic beverages by the attendees of the party, including Eth-

an, who was a minor. Ethan became intoxicated and wandered onto the highway in front of Respondents' home, where he was struck by a motor vehicle, sustaining severe injuries from which he died shortly thereafter on June 27, 2010.

Appellants filed a two-count petition, Count I asserting a wrongful death cause of action against Respondents based upon the language contained in Section 311.310 RSMo 2006, as modified in 2005. Upon motion by Respondents, the trial court dismissed Count I for failure to state a cause of action.[1] This appeal follows.

### Point Relied On

In their point relied on, Appellants maintain that the trial court erred in granting Respondents' motion to dismiss and in holding that a civil cause of action does not exist under common law and was not created when the criminal statute, Section 311.310, was modified in 2005 by the General Assembly. Appellants assert that in modifying Section 311.310, the General Assembly affirmatively created a duty in a landowner to a person under the legal drinking age, such as Ethan, and in so doing created a standard of care giving rise to a civil cause of action under Section 311.310 as asserted by Appellants in Count I of their petition.

### Standard of Review

■ We review a trial court's decision to grant a motion to dismiss *de novo*. *Coons v. Berry*, 304 S.W.3d 215, 217 (Mo. App. W.D.2009). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Id.*, quoting *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo.banc 2009). "In order to avoid dismissal, the petition must invoke 'substantive principles of law entitling plaintiff to relief and ... ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial.' " *Coons*, 304 S.W.3d at 217–18, quoting *Henley*, 285 S.W.3d at 329–30.

■ Matters of statutory interpretation and the application of the statute to specific facts are also reviewed *de novo*. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 23 (Mo.App. E.D.2005).

### Discussion

■ While it is unlawful to furnish alcoholic beverages to those under the legal drinking age, see Section 311.310, in order for Appellants to establish civil liability on the part of Respondents in Count I of their petition, they are required to establish: 1) a civil duty not to furnish Ethan with intoxicating liquor; 2) breach of that duty; and 3) the furnishing of alcoholic beverages to Ethan was the proximate cause of his death. *Andres v. Alpha Kappa Lambda Fraternity*, 730 S.W.2d 547, 550 (Mo. banc 1987). In the instant case, Appellants cannot do that because in Missouri,

---

1. Count II is a cause of action against the driver of the motor vehicle and is not at issue in this appeal.

social hosts have no common law civil duty "to abstain from furnishing alcoholic beverages to an individual." *Id.* at 553. This is so even in circumstances where it is unlawful to provide such beverages to the individual because he or she is a minor, such as under Section 311.310. *Id.* at 553. In their petition, Appellants assert that Respondents were social hosts. Under the holding of *Andres,* Respondents, as social hosts, had no duty to abstain from furnishing alcohol to Ethan. Absent such a duty, Appellants could not plead and prove the first required element set forth above. Therefore, Appellants failed to state a claim against Respondents in Count I of their petition.

■ Appellants argue that the 2005 amendment to Section 311.310 created a new civil duty and cause of action against landowners as social hosts. Section 311.310, titled "Sale to minor—certain other persons, misdemeanor—exceptions—permitting drinking or possession by a minor, penalty, exception—defenses," provides:

1. Any licensee under this chapter, or his employee, who shall sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to any person under the age of twenty-one years, or to any person intoxicated or appearing to be in a state of intoxication, or to a habitual drunkard, and any person whomsoever except his parent or guardian who shall procure for, sell, give away or otherwise supply intoxicating liquor to any person under the age of twenty-one years, or to any intoxicated person or any person appearing to be in a state of intoxication, or to a habitual drunkard, shall be deemed guilty of a misdemeanor, except that this section shall not apply to the supplying of intoxicating liquor to a person under the age of twenty-one

years for medical purposes only, or to the administering of such intoxicating liquor to any person by a duly licensed physician. No person shall be denied a license or renewal of a license issued under this chapter solely due to a conviction for unlawful sale or supply to a minor when serving in the capacity as an employee of a licensed establishment.

**2. Any owner, occupant, or other person or legal entity with a lawful right to the exclusive use and enjoyment of any property who knowingly allows a person under the age of twenty-one to drink or possess intoxicating liquor or knowingly fails to stop a person under the age of twenty-one from drinking or possessing intoxicating liquor on such property, unless such person allowing the person under the age of twenty-one to drink or possess intoxicating liquor is his or her parent or guardian, is guilty of a class B misdemeanor. Any second or subsequent violation of this subsection is a class A misdemeanor. [Emphasis added.]**

3. It shall be a defense to prosecution under this section if:

(1) The defendant is a licensed retailer, club, drinking establishment, or caterer or holds a temporary permit, or an employee thereof;

(2) The defendant sold the intoxicating liquor to the minor with reasonable cause to believe that the minor was twenty-one or more years of age; and

(3) To purchase the intoxicating liquor, the person exhibited to the defendant a driver's license, Missouri nondriver's identification card, or other official or apparently official document, containing a photograph of the minor and purporting to establish that such minor was twenty-one years of age and of the legal

age for consumption of intoxicating liquor.

The 2005 amendment added subsection 2, highlighted in bold. A plain reading of the 2005 amendment shows that it merely adds owners and occupiers of land where underage drinking takes place to the list of misdemeanor offenders set out in subsection 1 that sell, procure, or otherwise give alcohol to minors. A plain reading of the language of the 2005 amendment shows that it does nothing to change the statute from the misdemeanor criminal statute that it is. The amendment by its very terms does not add any civil liability to the statute where there formerly was none.

■ Count I of Appellants' Petition includes allegations that, if true, would amount to a violation of Section 311.310.2; and it has been held that a violation of a criminal statute may, in certain circumstances, provide a basis for a civil cause of action. But it does not necessarily follow that civil liability can be imposed though there may have been a violation of the criminal statute. *Lafferty v. Rhudy*, 878 S.W.2d 833, 835 (Mo.App. W.D.1994). Criminal sanctions against doing or not doing some act do not automatically include authority for civil actions. *Aluma Kraft Mfg. Co. v. Elmer Fox & Co.*, 493 S.W.2d 378, 381 (Mo.App.1973). Furthermore, as the Missouri Supreme Court stated in *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122, 126 (Mo.banc 1956):

> [A] statute which creates a criminal offense and provides a penalty for its violation will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent.

See also *Bailey v. Canadian Shield Gen. Ins. Co.*, 380 S.W.2d 378, 380 (Mo.1964) (warning that courts reading civil liability into criminal statutes are "embarking upon a perilous speculation").

■ We recognize that a civil claim for relief may be based upon a criminal statute if the person injured by the violation of the statute is a member of the class the statute was enacted to protect, and if the purpose of the statute is to protect or promote public safety. *Coons*, 304 S.W.3d at 219. However, we have not been directed to, and our research has failed to uncover, any cases where a civil action under Section .311.310 has been maintained against a non-business dispenser. *Id.* Violations of Section 311.310 have already been considered by Missouri appellate courts and uniformly rejected as bases for civil claims. See, *e.g., Harriman v. Smith*, 697 S.W.2d 219, 223 (Mo.App. E.D.1985) (the statutory language of section 311.310 does not provide a civil claim for relief against social hosts); *Andres*, 730 S.W.2d at 553; *Smith v. Gregg*, 946 S.W.2d 807, 812 (Mo.App. S.D.1997); *Coons*, 304 S.W.3d at 223.

In *Andres*, the plaintiffs were the surviving parents of a fraternity member who was a minor and had been provided alcohol by the defendant fraternity at a "mixer" it hosted, and died as the result of acute alcohol intoxication. *Id.* at 548–49. The parents brought suit against the fraternity. Our Supreme Court concluded that "it was unlawful [under Section 311.310] for the Local [fraternity] to provide alcoholic beverages to those under twenty-one years of age who attended the mixer." *Id.* at 550. However, the Court went on to state that "neither Section 311.310 nor the principles of common law negligence imposed a duty upon the defendant [fraternity brothers] to abstain from furnishing alcoholic beverages to an individual under twenty-one years of age." *Id.* at 553. Therefore, the parents "failed to state a claim for relief against the Local [fraternity]." *Id.*

■ We are also unable to find anything in Section 311.310's wording or his-

torical background indicating any legislative intent to create such a civil cause of action based on the misdemeanor. "In the absence of any indication of such intent, we are 'constrained to assume that had the legislature desired to provide for enforcement ... by civil action, as well as by criminal prosecution, such a provision would have been incorporated therein.'" *Lafferty,* 878 S.W.2d at 835, quoting *Christy,* 295 S.W.2d at 126.

Based on the foregoing, we find no civil duty in either the common law or statute to support Appellants' claim. Accordingly, Appellants' point is denied.

### Conclusion

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.